IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

    Plaintiff,

v.

TRIPLE M LOGISTICS, INC.
an Illinois corporation,

    Defendant.
_____/

Case No:

## **COMPLAINT**

Plaintiff LANDSTAR RANGER, INC. by and through its undersigned counsel, hereby submits and files its Complaint against Defendant TRIPLE M LOGISTICS, INC., and in support thereof states as follows:

### INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendant TRIPLE M LOGISTICS, INC. ("Triple M"), a motor carrier that provides transportation services, for Triple M's loss of goods and its failure to indemnify Landstar for Triple M's loss of goods, pursuant to the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier and freight forwarder.

4. Landstar is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. Triple M is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois.

6. Triple M is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-866072) to transport property in interstate commerce.

7. Triple M is a citizen of Illinois for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

8. Because Landstar and Triple M are citizens of different states, and because the amount in controversy, exclusive of interest, costs and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

9. This Court also has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

10. On or about August 11, 2014, Triple M, entered into the Transportation Brokerage Agreement ("the Agreement") with Landstar wherein Triple M agreed to transport cargo for customers of Landstar. The Agreement is attached hereto as **Exhibit A**.

11. Paragraph 22 of the Agreement provides:

Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

12. Accordingly, Triple M consented to the jurisdiction of this Court and to this Court being a proper venue for this action which arises out of and/or relates to the Agreement.

GENERAL ALLEGATIONS

13. On or about August 15, 2019, Acer America Corporation ("the Shipper") contacted transportation broker Expeditors International of Washington, Inc. ("Expeditors") to arrange for the transportation of twenty-eight (28) pallets of Acer computers ("the Cargo") from a storage facility in Laredo, Texas to a consignee in Miami, Florida ("the Shipment").

14. Expeditors, pursuant to an agreement with Landstar, tendered the Shipment to Landstar who brokered the Shipment to Triple M.

15. Governed by the Agreement, on or about August 15, 2019, Landstar arranged for Triple M to transport the Cargo to the consignee in Miami, Florida and a copy of the delivery order for the Shipment, No. H11072185 ("the Delivery Order"), is attached hereto as **Exhibit B**.

16. The Cargo was tendered to Triple M in Laredo, Texas on or about August 15, 2019 in good condition.

17. On or about August 17, 2019, while in transit from Texas to Florida and under the exclusive care, custody, and control of Triple M, the Cargo was stolen or otherwise lost.

18. In or around the time of this theft or loss of the Cargo, such occurrence was reported to the Broward County Police Department, but notwithstanding the reporting of the theft to the appropriate authorities, the Cargo has not been recovered.

19. Accordingly, Triple M failed to deliver the Cargo to the consignee in the same good condition in which it received the Cargo.

20. The value of the Cargo was $760,290.72 and a copy of the Shipper's Proforma Invoice for the Cargo evidencing its value is attached hereto as **Exhibit C**.

21. The Shipper demanded payment from Expeditors who demanded payment from Landstar for the aforementioned damage and loss.

22. Triple M and its cargo liability insurer, Berkeley National Insurance Company, were notified and presented with the Shipper's claim, but failed to present an

acceptable resolution or to otherwise participate in an acceptable resolution of the claim to/with Landstar.

23.  Landstar fully settled and resolved the Shipper's claim for the loss of the Cargo for $160,000.00.

24.  As part of the settlement of the Shipper's claim, on November 27, 2019, the Shipper and Expeditors released to Landstar all right, title, and interest in any claims related to the loss of the Cargo. The November 27, 2019 Release is attached hereto as **Exhibit D**.

25.  Having paid the Shipper and Expeditors for the loss of the Cargo in full satisfaction of the Shipper's claim, Landstar is subrogated to the rights of the Shipper and now seeks payment from Triple M for the aforementioned loss of the Cargo.

26.  As a result of actions taken by Triple M, Landstar has sustained significant damages.

27.  Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

28.  All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF CONTRACT

29.  Landstar incorporates paragraphs 1 through 28 as if fully set forth herein.

30.  Having duly entered into the Agreement with Landstar, Triple M's carriage of the Cargo was subject to the Agreement's terms and conditions.

31. Paragraphs 8 and 11 of the Agreement makes Triple M wholly responsible performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

32. Triple M breached the Agreement by not successfully delivering the Cargo.

33. Paragraph 9 of the Agreement makes Triple M responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" Triple M's performance or breach of the Agreement.

34. Triple M further breached the Agreement by refusing to defend and indemnify and refusing to cooperate and participate with Landstar in the resolution of the Shipper's claim.

35. By failing to defend and indemnify Landstar against the claim made by the Shipper, Triple M caused Landstar to file this suit to be made whole.

36. Landstar has, and continues to, incur losses, costs and attorneys' fees in connection with its enforcement of the Agreement.

37. Triple M must indemnify Landstar for the loss of the Cargo.

38. Triple M must indemnify Landstar for any and all other losses, including reasonable attorneys' fees and costs, it occurred by having to resolve the Shipper's claim after Triple M failed to resolve it.

## **COUNT TWO - CARMACK AMENDMENT**

39. Landstar incorporates paragraphs 1 through 28 as if fully set forth herein.

40. Triple M received the Cargo it was obliged to transport in good condition.

41. Triple M took the Cargo into its care, custody, and control and failed to deliver the Cargo in the same good condition in which it was received.

42. Triple M is liable for the loss of the Cargo pursuant to 49 U.S.C. § 14706 because Triple M's transportation of the Cargo constituted the transportation of goods in interstate commerce by a motor carrier.

43. Triple M's actions resulted in a claim for loss and damages asserted by the Shipper against Landstar in the amount of at least $760,290.72, which Landstar was able to resolve fully for $160,000.00.

44. Accordingly, Landstar has suffered damages in the amount of $160,000.00, exclusive of interest, attorneys' fees, and costs.

WHEREFORE, Landstar respectfully requests that this Honorable Court enter judgment in its favor against Triple M for damages in the amount of $160,000.00 plus prejudgment and post-judgment interest in amounts to be established by this Honorable Court, along with the attorneys' fees, costs and expenses incurred by Landstar in having to resolve the claim brought by the Shipper, the attorneys' fees, costs and expenses it is incurring in this suit, any other fees and costs authorized by statute, and such other and further relief deemed just by this Court.

Date: January 14, 2022                      Respectfully submitted,

/s/ John L. Marchione, Esq.
John L. Marchione, Esq.
Florida Bar No. 114245
Kristen M.J. Johnson, Esq.
Florida Bar No. 1005180
TAYLOR JOHNSON PL

                                        20 3rd Street SW, Suite 209
                                        Winter Haven, FL 33880
                                        (863) 875-6950 (tel)
                                        (863) 875-6955 (fax)
                                        kjohnson@taylorlawpl.com
                                        jmarachione@taylorlawpl.com
                                        efiling@taylorlawpl.com
                                        lroberts@taylorlawpl.com

*Counsel for Plaintiff*